**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 1 2019

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WALTER PORTER**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　4:19-cv-_404_-_KGB_

**CAPPS INDUSTRIES, LLC,**　　　　　　　　　　　　　　　**DEFENDANTS**
**and PATRICK CAPPS**　　This case assigned to District Judge _Baker_
　　　　　　　　　　　　and to Magistrate Judge _Kearney_

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Walter Porter ("Plaintiff") by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint against Defendant Capps Industries, LLC, and Patrick Capps (collectively "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.　PRELIMINARY STATEMENTS

1.　Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorneys' fee and costs, as a result of Defendant's failure to pay Plaintiff minimum wages as required by law.

### II.　JURISDICTION AND VENUE

2.　The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.　Defendant Capps Industries, LLC, conducts business within the State of Arkansas, providing transportation services within the State of Arkansas.

4.     Patrick Capps is the principle and manager of Capps Industries, LLC.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.     A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

7.     Plaintiff Walter Porter is an individual and resident of the State of Arkansas.

8.     At all times relevant to this Complaint, Plaintiff performed transportation services for Defendant within the State of Arkansas.

9.     Defendant Capps Industries, LLC, is a domestic limited liability company.

10.    Capps Industries, LLC, has designated Northwest Registered Agent, LLC, at 701 South Street, Suite 100, Mountain Home, Arkansas 72653, to accept service on its behalf.

11.    Capps Industries, LLC, provides on-demand and scheduled transportation services.

12.    Defendant Patrick Capps ("Capps") is a principal, director and/or officer of Capps Industries, LLC.

13.    Capps controls and has the right to control the day-to-day operations of Capps Industries, LLC, such that he is liable to Plaintiff as an employer under the FLSA.

14.    Capps established and maintained the policies at issue herein.

15. Capps was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16. Defendant's primary business purpose is to provide transportation services, and Defendant engages drivers to accomplish this goal.

17. Transportation services are at least one integral part of Defendant's business.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce for the benefit of Defendant.

## IV.   FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21. To carry out Defendant's transportation services, Defendant contracted with drivers, including Plaintiff.

22. Plaintiff performed the basic duties of a driver during the time relevant to this Complaint.

23. The basic duties of a driver include transporting and delivering freight to Defendant's customers.

24. Defendant treated Plaintiff as an "independent contractor" for purposes of the FLSA.

25. Plaintiff did not select his routes, nor was he responsible for setting long and short-term business objectives.

26. Defendant required Plaintiff to enter into a standard agreement, which Defendant called an "independent contractor agreement" or "owner-operator agreement."

27. Plaintiff was not involved in drafting the terms of Defendant's standard agreement.

28. Defendant required Plaintiff to satisfy whatever needs and requirements Defendant's customers had.

29. Plaintiff was hired to work for Defendant for an indefinite period of time.

30. Plaintiff did not share in Defendant's profits.

31. Plaintiff did not share in Defendant's losses.

32. Defendant paid Plaintiff through a combination of piece rates, route rates, or delivery rates.

33. Defendant entered into contracts with its customers, but Plaintiff did not sign contracts with Defendant's customers.

34. Defendant set prices to its customers for certain types of freight or delivery routes without Plaintiff's input or negotiation.

35. Defendant made decisions on advertising Defendant's business without driver input.

36. Plaintiff did not advertise himself as an independent business.

37. Defendant made decisions on what new business to pursue or take without driver input.

38. Plaintiff did not negotiate contracts or prices with Defendant's customers.

39. Defendant expected Plaintiff to follow Defendant's policies regarding how to track deliveries.

40. Defendant had a general practice of keeping no contemporaneous records of time that drivers performed transportation services on Defendant's behalf.

41. Defendant required Plaintiff to enter into a "lease agreement" under which Plaintiff was required to pay Defendant for the right to drive Defendant's vehicle in the service of Defendant's business.

42. Defendant used its lease agreement to shift the costs of operating its business onto Plaintiff.

43. After deducting for expenses related to the operation of Defendant's vehicle in the course of performing job duties for Defendant, Plaintiff's pay regularly fell below the minimum wages required by the FLSA.

44. Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

45. At all times relevant hereto, Defendant was aware of the minimum wage requirements of the FLSA.

46. Defendant purposefully and knowingly misclassified Plaintiff as an "independent contractor."

## V.   CAUSE OF ACTION

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

48.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49.     Defendant misclassified Plaintiff as an independent contractor.

50.     The costs that Plaintiff incurred, including but not limited to kick-backs to Defendant for business expenses associated with operating Defendant's vehicle, caused Plaintiff's free and clear pay to fall below minimum wage.

51.     Defendant's failure to pay Plaintiff all minimum wages owed and requirement that Plaintiff bear work-related vehicle expenses was willful.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Walter Porter, respectfully prays for declaratory relief and damages as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all the hours worked by Plaintiff and all monies paid to him;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

D.   Judgment for damages for all unpaid minimum wages owed under the FLSA and attendant regulations;

E.   Judgment for liquidated damages pursuant to the same laws in an amount equal to all unpaid minimum wages owed to Plaintiff during the applicable statutory period;

F.   An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF WALTER PORTER**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com